IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No 1:25-cv-369

BERNA D. NORIEGA-MARTINEZ,

    Plaintiff,

v.

UNIVERSITY OF NORTH CAROLINA
HEALTH CARE SYSTEM,

    Defendant.

**COMPLAINT AND
DEMAND FOR
JURY TRIAL**

NOW COMES PLAINTIFF in the above-captioned action, by and through her undersigned counsel, and complaining of the Defendant named herein, does hereby allege and aver as follows:

## PARTIES

1. Plaintiff, Berna D. Noriega-Martinez ("Ms. Noriega-Martinez"), is a citizen of Venezuela has Temporary Protected Status in the United States, and is a resident of Carrboro, Orange County, North Carolina.

2. Upon information and belief, Defendant UNC Health Care System ("UNC Health" or "Defendant") is and was, at all times relevant hereto, a not-for-profit health care system owned by the State of North Carolina that conducts business throughout the state of North Carolina.

## JURISDICTION AND VENUE

3. Plaintiff hereby restates and incorporates by reference each of the allegations of the above-enumerated Paragraphs 1-2 of this Complaint as if fully set forth herein.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, arises under federal law.

5. Venue in this forum is appropriate pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred while Ms. Noriega-Martinez was employed by and performed work at a University of North Carolina Health hospital located in Chapel Hill, Orange County, North Carolina.

6. Jurisdiction and venue are proper before this Court.

## FACTS

7. Plaintiff hereby restates and incorporates by reference each of the allegations of the above-enumerated Paragraphs 1-6 of this Complaint as if fully set forth herein.

8. Ms. Noriega-Martinez was born in Venezuela and English is her second language.

9. Ms. Noriega-Martinez was employed by Defendant for approximately four (4) years.

10. During her tenure with Defendant, Ms. Noriega-Martinez received several bonuses for her excellent work performance.

11. Ms. Noriega-Martinez received no disciplinary actions while employed by Defendant.

12. The last position Ms. Noriega-Martinez held during her employment with Defendant was Health Unit Coordinator in the Emergency Department.

13. During the course of her employment, Ms. Noriega-Martinez performed her job duties as expected and in a satisfactory manner.

14. Ms. Noriega-Martinez is a Christian and practicing Catholic who opposes vaccines in alignment with her sincerely held religious beliefs.

15. Ms. Noriega-Martinez has not received any vaccinations since 2020 when she learned that a religious accommodation was available for vaccines.

16. In addition, when Ms. Noriega-Martinez's children were forced to receive vaccinations while living in Venezuela, she immediately took them to a homeopathic doctor to provide "antidotes" which would cleanse their bodies of the impurities, so that they would stay in the will of God. She also continued these homeopathic medications until she learned that religious exemptions were available in the United States.

17. Ms. Noriega-Martinez has also consistently sought and received vaccination exemptions based upon religious beliefs for both of her children at their schools since 2020, when she learned about this possibility.

18. Because of her sincerely held religious beliefs, each time Defendant required employees, including Ms. Noriega-Martinez, to receive the Influenza vaccination, she requested a religious exemption from the vaccination.

19. Plaintiff's requests for religious exemption outlined Ms. Noriega-Martinez's sincerely held religious belief that injecting foreign substances, including vaccinations, into her body interferes with the divine will of God.

20. Each time Ms. Noriega-Martinez requested a religious exemption from Defendant based upon her sincerely held religious beliefs for the Influenza vaccination, Defendant approved the request.

21. Upon information and belief, each religious exemption request made by Plaintiff in 2020 and 2021 for the Influenza vaccine was granted because Defendant believed that Ms. Noriega-Martinez demonstrated a sufficient connection between how the receipt of a vaccination substantially interferes with the practice of her religion and her spiritual condition.

22. On or about July 22, 2021, Defendant communicated to its employees, including Plaintiff, the COVID-19 Immunization of Healthcare Personnel policy ("the Policy").

23. The Policy set a deadline of September 21, 2021, for all employees to be fully vaccinated against COVID-19 or receive an approved vaccination exemption in accordance with the Policy.

24. All employees, if requesting an exemption, were required to submit a request for an exemption by September 21, 2021.

25. In accordance with the Policy, Ms. Noriega-Martinez submitted her first COVID-19 vaccination religious exemption request on July 30, 2021.

26. In that first request, Ms. Noriega-Martinez explained that her belief, based upon several scriptures in the Bible, was that receiving a vaccination is a form of disobedience to the Lord's Word, that it interferes with God's will and divine protection in opposition to the Scripture, and that it would provoke the Almighty's fury.

27. The first request conveyed that she believed that interference with God's will through the acceptance of a vaccination would cause God's wrath against her.

28. This request contained the same information as her previous religious exemption requests that were submitted in opposition to the Influenza vaccination, each of which had been accepted by Defendant in the past.

29. Nonetheless, Defendant denied Ms. Noriega-Martinez's first request for a religious exemption from the Covid-19 vaccination.

30. Ms. Noriega-Martinez submitted her second religious exemption request for the COVID-19 vaccination on August 20, 2021.

31. Her second request explained that Ms. Noriega-Martinez opposed vaccines because she wishes to keep her body pure as the temple of the Holy Spirit, and acceptance of a vaccination would cause her to disobey the Word and direct orders of God.

32. On August 25, 2021, Defendant denied the second request, stating that Ms. Noriega-Martinez did not "identify [her] religious practice or belief and state how the requested accommodation enables [her] to participate in [her] religious practice or belief."

33. This denial occurred despite Ms. Noriega-Martinez's clear identification of several tenets of her religious beliefs, as well as the separation between Ms. Noriega and her Higher Power which would occur if she violated God's direct command.

34. Defendant, in its denial, also asserted that the FDA granted full approval to Pfizer-BioNTech's coronavirus vaccine for people 16 and older, despite the fact that this was unrelated to Ms. Noriega-Martinez's request for a religious exemption.

35. On August 30, 2021, Ms. Noriega-Martinez submitted a third religious exemption request for the COVID-19 vaccine.

36. In the third request, Ms. Noriega-Martinez states that she doesn't "know exactly what you mean by I didn't identify my religious practice or belief when I not only explained it in detail, but I also supported them by referring to several Biblical passages."

37. Her third request also explains that she "believes God has created the proper mechanisms for our bodies to ward off disease and that it would be an affront to God to inject a man-made substance into the body to 'improve' the immune system."

38. Plaintiff further elaborated that her belief is that "Jesus Christ paid [her] salvation with his own blood and [she] CANNOT taint [her] own blood" with vaccines due to her sincerely held religious belief.

39. Ms. Noriega-Martinez also discusses how her reading of the Bible warns against this type of medical experimentation.

40. Finally, she very clearly states, "My sincerely-held religious beliefs DO NOT ALLOW ME to have a biological substance injected into my body."

41. On September 2, 2021, Defendant rejected her request, stating that she "did not identify [her] religious practice or belief and state how the requested accommodations enables [her] to participate in [her] religious practice or belief."

42. Defendant engaged in no follow up discussion or questions with Plaintiff regarding her religious exemption request, not did it assert that granting the accommodation would cause an undue hardship.

43. Defendant did not request clarification from Plaintiff regarding the sincerity of her religious beliefs.

44. Defendant did not provide Plaintiff with more information regarding its confusion around her request for religious exemption.

45. Defendant did not provide Plaintiff with any information to alleviate her confusion in providing the information which it was seeking in a request for religious accommodation.

46. The denial provided by Defendant on September 2, 2021, was not responsive to the request submitted by Ms. Noriega-Martinez.

47. Defendant, once again, included that the FDA granted full approval to Pfizer-BioNTech's coronavirus vaccine for people 16 and older, despite the fact that this information was unrelated to Ms. Noriega-Martinez's request for a religious exemption.

48. Ms. Noriega-Martinez submitted a fourth religious exemption request on September 10, 2021.

49. In that request, Ms. Noriega-Martinez referenced and incorporated her former requests based upon her religious beliefs.

50. She explains that her request is not based on science but is rooted in her sincere religious beliefs and states she will not "sell [her] soul to the Devil to keep [her job]."

51. Ms. Noriega-Martinez's statement clearly shows that she believes that she will be condemned to Hell in her afterlife if she accepts a vaccination when she knows that it is wrong according to her religion.

52. Ms. Noriega-Martinez also expressed her belief that she was suffering from unlawful religious discrimination, and she vehemently opposed this unlawful activity.

53. Ms. Noriega also complains in this request about the automated response to religious exemptions, and requests that individual attention be given to each request.

54. On or about September 17, 2021, Ms. Noriega was notified that her fourth request for religious exemption was denied.

55. Defendant, in this fourth rejection, stated that the denial was "because there are no fetal cells in any of the COVID-19 vaccines."

56. Ms. Noriega-Martinez never mentioned anything about fetal cells in the September 10, 2021, request for religious exemption.

57. Upon information and belief, the reason provided to Ms. Noriega-Martinez for the denial of request for religious exemption was not the actual reason for the denial of her religious request.

58. Ms. Noriega-Martinez's religious exemption request was not denied based upon an objection to fetal cells, as this argument was not raised by Ms. Noriega-Martinez.

59. Upon information and belief, this response was a result of Defendant failing to carefully and properly review Ms. Noriega-Martinez's requests for a religious accommodation/exemption from the vaccine mandate.

60. On September 19, 2021, Ms. Noriega-Martinez appealed the denial of her religious exemption requests.

61. She reiterated her religious beliefs and incorporated by reference her past requests in an attempt to explain how the COVID-19 vaccine would interfere with those sincerely held religious beliefs.

62. The request further explained that "[v]accines are violations of my sincerely held religious beliefs, regardless of its ingredients. My request is only religious based, and there is nothing you can say that makes me disbelieve in God."

63. Once again, Ms. Noriega-Martinez expressed her belief that the constant rejections to her request for a religious accommodation to the vaccine mandate were a result of continued religious discrimination, which she opposed.

64. Ms. Noriega-Martinez further provided that she perceived taking the vaccination as selling her soul to the Devil.

65. She also explained that the unlawful denial of her request for religious exemption jeopardized her job and delayed her incentive payment.

66. On or about September 21, 2021, Ms. Noriega-Martinez's request was rejected and the explanation stated that she "failed to identify [her] specific and personal sincerely held religious belief or practice and how that religious belief or practice conflicts with the requirement to obtain the COVID-19 immunization."

67. At no point, prior to September 21, 2021, did Defendant ever tell Ms. Noriega-Martinez that her request was an undue hardship.

68. On September 21, 2021, Ms. Noriega-Martinez submitted another request for religious exemption.

69. She again explained her religious beliefs and also clarified that accepting a vaccination would be disobeying God's mandate and would be a sin.

70. She further explained that she was willing to wear a face mask, maintain social distancing, and be isolated as required.

71. On or about September 22, 2021, Ms. Noriega-Martinez's request for religious exemption was subsequently denied, using the same boilerplate language from the previous rejection.

72. Upon receipt of this submission, Plaintiff opened a ticket with HR regarding the request for religious exemptions as she no longer had the ability to submit applications for a religious exemption.

73. Ticket # HRC0393380 included an attachment which contained another request for religious exemption.

74. On or about September 28, 2021, after receiving no response from Defendant, Plaintiff submitted HR ticket #HRC0396525.

75. This ticket states: "I need to appeal the rejection of my religious exemption to get the COVID 19 vaccine, I feel my rights have been violated by that rejection, since I consider it was unfair. I need it to be reviewed ASAP since I was placed in a probationary period. I am attaching my request for religious exemption."

76. On or about October 3, 2021, Plaintiff received the following message in response to her HR tickets: "Your request for a religious exemption from the COVID-19 immunization policy is denied because you failed to identify your specific and personal sincerely held religious belief or practice and how that religious belief or practice conflicts with the requirement to obtain the COVID-19 immunization. This matter is not eligible for appeal. This constitutes the final review of this request."

77. Defendant did not contact Plaintiff prior to the denial of her requests.

78. Defendant did not interview Plaintiff regarding her stated concerns that her rights had been violated.

79. Plaintiff received an email from Employee Relations which asked her if she accepted the resolution of her HR tickets.

80. Ms. Noriega-Martinez responded with the following comment: "As i see it I did not failed in identify my sincerely held religious belief. This is an unlawful decision and my rights has been violated. I will proceed to seek for legal advise in this matter."

81. As a result of multiple failed attempts to receive a religious exemption, Ms. Noriega-Martinez retained legal counsel to submit a final religious exemption request.

82. On October 15, 2021, legal counsel sent a letter to Defendant advocating for Defendant to grant Ms. Noriega-Martinez's request for religious exemption based upon her sincerely held religious beliefs.

83. This letter on October 15, 2021, also requested a stay of any adverse action until religious accommodation could be considered.

84. On October 26, 2021, Defendant rejected Ms. Noriega-Martinez's request for religious exemption, made through her attorney.

85. This denial states that they decline to consider the "untimely request" of Plaintiff.

86. This denial stated that "The Committee gave each request equal and fair consideration."

87. Upon information and belief, equal and fair consideration was not given to Ms. Noriega-Martinez's requests as multiple denials were unresponsive to her actual requests.

88. Each request for religious exemption made by Ms. Noriega-Martinez was grounded in a sincerely held religious belief.

89. On October 28, 2021, despite the numerous rejections of her requests for religious exemption from the COVID-19 vaccine, Ms. Noriega-Martinez's request to be exempted from the Influenza vaccine, which uses the same sincerely held religious belief and conflicts as the COVID-19 vaccine, was approved by Defendant.

90. On October 20, 2021, Ms. Noriega-Martinez was contacted by her immediate supervisor who informed her of the option to resign rather than have her employment terminated.

91. Plaintiff understood that this was an attempt by Defendant to pressure her to resign so that Defendant could attempt to avoid liability for its unlawful religious discrimination.

92. On November 3, 2021, Ms. Noriega-Martinez's employment was terminated by Defendant.

93. Defendant's termination decision was a direct result of Ms. Noriega-Martinez's refusal to accept the COVID-19 vaccine.

94. Ms. Noriega-Martinez timely filed a charge based on religious discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").

95. The EEOC determined that based upon their investigation, there is reasonable cause to believe there was a violation of Title VII of the Civil Rights Act of 1964 ("Title VII") in accordance with Ms. Noriega-Martinez's allegations in the Charge.

96. Accordingly, the EEOC scheduled a conciliation that the parties participated in, on or around July 31, 2024.

97. The conciliation was unsuccessful, and the matter was transferred to the United States Department of Justice for a litigation review on or around October 10, 2024.

98. Ms. Noriega-Martinez received a right to sue letter from the United States Department of Labor on or around November 15, 2024.

99. As a result, Ms. Noriega-Martinez has exhausted her administrative remedies, and this lawsuit is timely filed.

## FIRST CAUSE OF ACTION

*Religious Discrimination in Violation of Title VII*

100. Plaintiff hereby restates and incorporates by reference each of the allegations of the above-enumerated Paragraphs 1-99 of this Complaint as if fully set forth herein.

101. Pursuant to 42 U.S.C. § 2000e-2, it is unlawful for a covered employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion[.]"

102. Pursuant to 42 U.S.C. § 2000e(j), religion "includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business."

103. Pursuant to 29 C.F.R. § 1605.1, religious practices "include moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious reviews."

104. Upon information and belief, Defendant is a covered employer who employs, and all times herein alleged, did employ 15 or more employees.

105. Ms. Noriega-Martinez is a devout practicing Catholic Christian.

106. Ms. Noriega-Martinez's religious beliefs are sincerely held because she abides by her religion in all aspects of her life and has done so during the majority of her life.

107. During Ms. Noriega-Martinez's employment with Defendant, the COVID-19 vaccine, like the Influenza vaccine, became a condition of her employment.

108. Because of Ms. Noriega-Martinez's sincerely held religious beliefs, she could not receive any vaccinations, including for COVID-19, without violating those sincerely held religious beliefs.

109. Ms. Noriega-Martinez's religion, therefore, created a conflict with an employment requirement.

110. As a result of this conflict, Ms. Noriega-Martinez sought a religious exemption from the COVID-19 vaccine.

111. During Plaintiff's employment, Defendant consistently required employees to receive the Influenza vaccine.

112. In 2019 and 2020, Plaintiff requested a religious exemption to the Influenza vaccination at each notification of the requirement.

113. Throughout Plaintiff's tenure, Defendant approved all requests for religious exemption from the influenza vaccination made by Plaintiff.

114. Plaintiff informed Defendant of her religious beliefs on multiple occasions throughout her employment.

115. Plaintiff made several requests for a religious exemption to the COVID-19 vaccine.

116. Each of Plaintiff's requests for religious accommodation through exemption to the COVID-19 vaccination was denied.

117. Upon information and belief, Defendant provided at least one false reason to Plaintiff for the denial of her request for religious accommodation through vaccination exemption.

118. Because she was not approved for a religious exemption from the COVID-19 vaccination, she was unable to comply with the job condition that conflicted with her sincerely held religious beliefs.

119. Due to failure to receive a COVID-19 vaccine, Defendant discharged Ms. Noriega-Martinez from her position on November 3, 2021.

120. Defendant never alleged that granting Ms. Noriega-Martinez's religious exemption to the COVID-19 vaccine would cause Defendant any undue hardship.

121. Plaintiff offered to Defendant additional actions she was willing to take to operate in a safe manner without getting the COVID-19 vaccination.

122. Because Plaintiff refused to accept a COVID-19 vaccination, she was denied a bonus, and her employment was terminated.

123. Defendant has discriminated against Ms. Noriega-Martinez on the basis of religion in regard to terms, conditions, and privileges of employment by refusing to accommodate her and ultimately discharging her from employment.

124. Said violation by Defendant was willful, intentional, and with knowledge of its wrongdoing.

## SECOND CAUSE OF ACTION

*Retaliation in Violation of Title VII*

125. Plaintiff hereby restates and incorporates by reference each of the allegations of the above-enumerated Paragraphs 1-124 of this Complaint as if fully set forth herein.

126. Pursuant to 42 U.S.C. § 2000e-3, it is unlawful for an employer "to discriminate against any individual . . . because he has opposed any practice made an unlawful employment practice by [Title VII ][.]"

127. Ms. Noriega-Martinez engaged in a protected activity when, on multiple occasions, she requested a reasonable accommodation for her religion in order to be exempted from a vaccine mandate.

128. Within several of those requests, Ms. Noriega-Martinez expressed her belief that she was being discriminated against because of her religion in violation of Title VII.

129. She has consistently opposed this religious discrimination.

130. Ms. Noriega-Martinez has suffered an adverse employment action because her employment was terminated and she was denied a bonus which was provided to other employees who did not request a religious accommodation.

131. Ms. Noriega-Martinez's employment was terminated because Defendant prevented her from receiving a religious exemption from the COVID-19 vaccine mandate.

132. Defendant has retaliated against Ms. Noriega-Martinez because her employment was terminated shortly after opposing unlawful discrimination on the basis of religion.

133. Said violation by Defendant was willful, intentional, and with knowledge of its wrongdoing.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff applies to the Court for relief as follows:

I. That judgment be entered for Plaintiff on each claim of her Complaint;

II. That Plaintiff have and recover compensatory damages against Defendant, including past and future compensation lost or denied by Plaintiff by reason of Defendant's violations, as well as reasonable compensatory damages for past and future pecuniary losses, emotional, pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, all in such amounts as may be proven at the trial herein, together with such prejudgment interest as is available to Plaintiff by law;

III. The plaintiff be granted such other and further relief, including injunctive and other equitable relief, as the Court, in its wisdom, may deem just and proper.

## JURY DEMAND

A jury is demanded to try all issues so triable.

Respectfully submitted this 12th day of May, 2025

/s/L. Nicole Patino
L. Nicole Patino, Esq.
Attorney for Plaintiff
NC State Bar No. 49453
101 S. Elm St., Suite V3
Greensboro, NC 27401
Phone: (336) 937-0065
Fax: (336) 344-7006
nicole@npatinolaw.com
